**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| In re: RAH COLOR TECHNOLOGIES LLC PATENT LITIGATION | MDL Docket No. |

**DEFENDANT QUAD/GRAPHICS INC.'S BRIEF IN SUPPORT OF MOTION FOR
TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Relevant Facts ............................................................................................................... 1

III. Legal Standard .............................................................................................................. 3

IV. Argument ...................................................................................................................... 3

    A. The Pending Actions Involve Common Questions of Fact and Law ..................... 4

    B. Centralization in California Will Promote the Just and Efficient Conduct of the Pending Actions ............................................................................................ 6

    C. Centralization in California Will Be Convenient for Parties in All Related Cases ........................................................................................................................ 8

V. Conclusion ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                           **Page(s)**

*In re Bear Creek Techs., Inc. ('722) Patent Litig.*,
  858 F. Supp. 2d 1375 (J.P.M.L. 2012)..................................................................................4, 6

*In re Body Sci. LLC Patent Litig.*,
  883 F. Supp. 2d 1344 (J.P.M.L. 2012).......................................................................................6

*In re Compression Labs, Inc., Patent Litig.*,
  360 F.Supp.2d 1367 (J.P.M.L. 2005).........................................................................................9

*In re FMC Corp. Patent Litig.*,
  422 F. Supp. 1163 (J.P.M.L. 1976)............................................................................................5

*In re Liquid Toppings Dispensing Sys. Pat. Litig.*,
  291 F.Supp.3d 1378, 1379 (J.P.M.L. 2018)...............................................................................6

*In re Method of Processing Ethanol Byproducts & Related Subsystems*,
  730 F. Supp. 2d 1379 (J.P.M.L. 2010).......................................................................................7

*RAH Color Techs. LLC v. Quad/Graphics Inc.*,
  2:18-cv-00087-JPS, Dkt. 89........................................................................................................5

*RAH Color Techs. LLC v. Adobe Systems Inc.*,
  Case No. 3:18-cv-03277, Dkt. Nos. 30, 32 (N.D. Cal. May 28, 2018)......................................8

*RAH Color Techs. LLC v. Xerox Corp.*,
  Case No. 1:17-cv-06813, Dkt. No. 60 (N.D. Ill. Sept. 24, 2018) ..........................................3, 9

*In re Rembrandt Techs., LP, Patent Litig.*,
  493 F. Supp. 2d 1367 (J.P.M.L. 2007).......................................................................................4

*In re Rivastigmine Patent Litig.*,
  360 F. Supp. 2d 1361 (J.P.M.L. 2005).......................................................................................6

*In re Roundup Products Liab. Litig.*,
  214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016)...........................................................................10

*In re Viagra (Sildenafil Citrate) Products Liab. Litig.*,
  176 F. Supp. 3d 1377, 1378 (J.P.M.L. 2016).............................................................................9

**Statutes**

28 U.S.C. § 1407................................................................................................ *passim*

**Other Authorities**

H.R. No. 90-1130, 1st Sess. (1968) ........................................................................................3, 5

Defendant Quad/Graphics, Inc. ("Quad") respectfully submits this brief in support of its motion to transfer four related federal actions to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

## I. INTRODUCTION

Plaintiff and Patent Owner RAH Color Technologies LLC ("RAH") has asserted nine patents pertaining to color management and reproduction across four patent infringement cases currently pending in the Northern District of California (two cases), the Western District of New York (one case), and the Eastern District of Wisconsin (one case). The coordination or consolidation of these four cases is warranted, and the Northern District of California is an ideal transferee court because there are common questions of law and fact in the four pending actions, including, for example, patent claim construction issues, patent validity, and the underlying technologies at issue. Indeed, the parties in three of the cases – EFI, Adobe, and Xerox – are suppliers to the party in the fourth case – Quad – and RAH specifically bases its infringement allegations against Quad on Quad's use of EFI, Adobe, and Xerox products (among others). Consolidation or coordination of the four cases would promote the just and efficient conduct of the pending actions, and would also prevent inconsistent rulings and results, such as inconsistent claim construction rulings and determinations of liability.

## II. RELEVANT FACTS

In 2017 and 2018, RAH filed three cases currently pending in the Northern District of California, the Western District of New York, and the Eastern District of Wisconsin. Additionally, a declaratory judgment action was brought against RAH in the Northern District of California. In all four of these cases, RAH has asserted a subset of the following nine patents: United States Patent Nos. 6,043,909 ("the '909 patent"); 6,995,870 ("the '870 patent");

7,312,897 ("the '897 patent"); 7,280,251 ("the '251 patent"); 7,729,008 ("the '008 patent"); 7,791,761 ("the '761 patent"); 8,416,444 ("the '444 patent"); 8,537,357 ("the '357 patent"); and 8,760,704 ("the '704 patent") (collectively the "Asserted Patents"). Of these nine patents, seven are part of a single patent family with essentially identical specifications. Only the '357 patent and the '251 patent are from different families. All of the patents name Richard A. Holub as their inventor.

The following is a summary of the cases and the patents asserted:

| Parties | Filed | Case No. | Venue/ Judge | U.S. 6,043,909 | U.S. 6,995,870 | U.S. 7,312,897 | U.S. 7,280,251 | U.S. 7,729,008 | U.S. 7,791,761 | U.S. 8,416,444 | U.S. 8,537,357 | U.S. 8,760,704 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RAH Color Technologies LLC v. Xerox Corporation | Nov. 20, 2017 | TBD  *Formerly 1:17-cv-06813* | W.D.N.Y./ TBD  *Formerly N.D. Ill./ Wood* | X | X | X | X | X | | X | X | X |
| RAH Color Technologies LLC v. Quad/Graphics Inc. | Jan. 17, 2018 | 2:18-cv-00087 | E.D. Wis./ Stadtmueller | | X | X | | X | | | X | X |
| Electronics For Imaging, Inc. v. RAH Color Technologies LLC | Mar. 14, 2018 | 3:18-cv-01612 | N.D. Cal./ Orrick | | X | X | | X | | | | X |
| RAH Color Technologies LLC v. Adobe Systems Inc. | June 4, 2018 | 3:18-cv-03277 | N.D. Cal./ Orrick | | | | X | | X | X | X | |

2

No substantive rulings have been issued in any of the pending actions, although scheduling orders have been entered in both the Adobe case and the Quad case. The Xerox case, originally filed in the Northern District of Illinois, was recently transferred to the Western District of New York on September 24, 2018. *RAH Color Techs. LLC v. Xerox Corp.*, Case No. 1:17-cv-06813, Dkt. No. 60 (N.D. Ill. Sept. 24, 2018).

### III.   LEGAL STANDARD

Section 1407 of Title 28 provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

Because the pending actions at issue are all patent cases, they are particularly well-suited for transfer by the judicial panel on multidistrict litigation ("the Panel") pursuant to 28 U.S.C. § 1407. Indeed, Congress noted as much when it enacted Section 1407. *See* H.R. No. 90-1130, 1st Sess. (1968) ("The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include not only civil antitrust actions but also, common disaster (air crash) actions, patent and trademark suits, . . . among others."). This is because, where the same patents are at issue, there will necessarily be at least some common issues for discovery, similar claim construction issues, and likely similar infringement and invalidity theories.

### IV.   ARGUMENT

The related cases should be transferred to the Northern District of California under 28 U.S.C. § 1407. Each of the pending actions involves significant common questions of

fact and law such that centralization will promote the just and efficient conduct of the pending actions. Furthermore, centralization in California will be convenient for the parties in all related cases.

### A. The Pending Actions Involve Common Questions of Fact and Law

"Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *See, e.g., In re Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007). Rather, transfer is warranted where there is at least some overlap of issues such that consolidation would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id.*

Here, there is a substantial overlap of factual and legal issues in the four pending cases. All four actions involve the '008 and '897 patents, and three of the four actions involve the '870 and '704 patents. The '444 and '357 patents are also at issue in half of the pending actions. Further, the '909 patent is a parent to all but two of the Asserted Patents.[1] Seven of the nine Asserted Patents will therefore have nearly identical specifications and related prosecution histories. Accordingly, the pending actions all involve a large number of overlapping issues, especially in regard to claim interpretation.

"All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents." *Rembrandt*, 493 F. Supp. 2d at 1369; *In re Bear Creek Techs., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1379 (J.P.M.L. 2012) ("The Panel has often centralized litigation involving different products which allegedly infringe a common

---

[1] The '357 patent and the '251 patent are not related to the '909 patent, although all of the Asserted Patents share a common inventor and certain subject matter.

4

patent or patents"). For instance, in construing each patent's claims, each court will need to determine the level of ordinary skill in the art and the state of the art at the time of the invention. Evidence relevant to these issues will be substantially the same in all four actions as the court will look at the specifications and prosecution histories of the Asserted Patents, all of which share the same inventor.

Furthermore, in Quad's case, the alleged infringers in each of the other pending actions, are actually Quad's suppliers. Indeed, RAH specifically bases its infringement allegations against Quad on Quad's use of EFI, Adobe, and Xerox products (among others). *RAH Color Techs. LLC v. Quad/Graphics Inc.*, 2:18-cv-00087-JPS, Dkt. 89 (First Amended Complaint). RAH's First Amended Complaint against Quad bases its infringement allegations for the '870 patent on Quad's use of Xerox C60 printers (Dkt. 89, ¶ 45) and EFI Fiery print servers. (*Id*. ¶ 46). RAH's allegations for the '897 patent are based on Quad's use of EFI Fiery print servers. (*Id*. ¶ 81). RAH's allegations for the '008 patent are based on Adobe Photoshop and InDesign products, as well as EFI Fiery print servers (along with products made by Kodak). (*Id*. ¶ 114). RAH's allegations for the '704 patent are based on Quad's use of Xerox C60 printers and EFI Fiery print servers (along with Kodak products). (*Id*. ¶ 172). Thus, many of the same products at issue in the Quad action are also at issue in the other pending actions. This means that, by necessity, the cases will share factual questions concerning infringement of the Asserted Patents by these products. *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Moreover, since all the alleged infringers use the same product . . . , common factual questions are also present concerning the infringement issue."). Therefore, these cases share even more common questions of fact than a typical patent infringement case with patents in common. *See* H.R. No. 90-1130, 1st Sess. (1968).

5

### B. Centralization in California Will Promote the Just and Efficient Conduct of the Pending Actions

Because of the substantial overlap in factual and legal issues, the centralization of these four cases into a single court is particularly appropriate. Indeed, "[c]entralization will create significant judicial efficiencies by allowing a single judge to preside over all patent challenges, claim construction issues, . . . [and] will prevent inconsistent rulings and facilitate the consistent interpretation of the patents' claims." *In re Liquid Toppings Dispensing Sys. Pat. Litig.*, 291 F.Supp.3d 1378, 1379 (J.P.M.L. 2018).

If the pending actions are not centralized, three judges in three different judicial districts will have to learn and master the same technology, engage in the same examination of prior art and prosecution histories, and determine the level of ordinary skill in the art. This would result in a significant waste of judicial resources and is precisely what Section 1407 was intended to avoid. *See, e.g., In re Body Sci. LLC Patent Litig.*, 883 F. Supp. 2d 1344, 1346 (J.P.M.L. 2012) ("Centralization, however, will allow a single judge—as opposed to the now five judges in five districts—to preside over discovery relating to the two patents at issue (which will inform and aid the consistent construction of the patents' claims) and to consistently rule on challenges to the validity of those patents."); *In re Bear Creek Techs.*, 858 F. Supp. 2d at 1379 ("[C]entralization offers substantial savings in terms of judicial economy by having a single judge become acquainted with the complex patented technology and construing the patent in a consistent fashion (as opposed to having six judges separately decide such issues).").

Moreover, having three different courts engage in claim construction proceedings across four different actions would not only be wasteful and inefficient but could also easily result in inconsistent rulings. *In re Rivastigmine Patent Litig.*, 360 F. Supp. 2d 1361, 1362 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate

6

duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary."). Having multiple claim construction proceedings could easily result in the issuance of different constructions for the same terms in the same patents. This in turn would lead to unnecessary complexity and uncertainty in each case. Furthermore, the ramifications of such inconsistencies are magnified in these cases as EFI, Adobe, and Xerox are, in fact, suppliers of Quad. Indeed, the infringement allegations asserted against Quad are largely dependent on its use of the other accused infringers' products, which are themselves the subject of the other pending actions. If the pending actions are not consolidated, there is a significant risk that the same products might be found to infringe a particular patent claim in one action but not in another. Such irreconcilable rulings should be avoided whenever possible, and, in these circumstances, they could be avoided by consolidation of the four cases.

Furthermore, in addition to judicial efficiency and consistency, consolidation also promotes just and efficient litigation by reducing or even eliminating duplicative discovery. *See, e.g., In re Method of Processing Ethanol Byproducts & Related Subsystems*, 730 F. Supp. 2d 1379, 1380 (J.P.M.L. 2010) ("The validity and enforceability of the patent will likely be at issue in all eleven actions. . . . Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary. . . . Centralization will place all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions."). This potential duplication is amply reflected in the Quad case as RAH has

subpoenaed third-parties (to that lawsuit) Xerox and Adobe regarding RAH's allegations of infringement premised on Quad's use of their products. Clearly, having a single judge oversee discovery in the consolidated cases would eliminate, or at the very least lessen, the need for duplicative discovery of these common products. This, in turn, would conserve the time and resources of all parties and of the judiciary. Accordingly, consolidation would ensure greater efficiency and lessen the need for duplicative discovery in all four cases.

The Quad action was filed in Illinois on June 30, 2017, transferred to the Eastern District of Wisconsin on January 16, 2018, and trial in the Quad action is currently scheduled to begin January 28, 2019. Quad thus recognizes that consolidation may delay trial in the Quad action. However, in view of the fact that many of the products involved in the Quad action are actually made or supplied by the parties in the other three actions, Quad believes consistency and judicial economy outweigh the potential harm of any possible delay.[2]

### C. Centralization in California Will Be Convenient for Parties in All Related Cases

The Northern District of California is an ideal location for centralization.[3] Two of the four actions are already pending there – the declaratory judgment action brought by EFI and the case against Adobe. Moreover, three of the four Defendants have expressed an interest in having their cases heard in the Northern District of California. The Adobe action, for instance, was originally brought in the Northern District of Illinois but was transferred to the Northern District of California on Defendant Adobe's motion. *RAH Color Techs. LLC v. Adobe Systems Inc.*, Case No. 3:18-cv-03277, Dkt. Nos. 30, 32 (N.D. Cal. May 28, 2018). Additionally, Defendant Xerox sought to have its case transferred to the Northern District of California before

---

[2] Quad also notes that the Asserted Patents have all either expired or will soon expire.

[3] Although Quad believes the center of gravity for this litigation favors California, the Eastern District of Wisconsin, where Quad's case is currently pending, would also be easily accessible to all the parties.

8

it was, in fact, transferred to the Western District of New York. *RAH Color Techs. LLC v. Xerox Corp.*, Case No. 1:17-cv-06813, Dkt. No. 49 (N.D. Ill. Aug. 23, 2018); *see also RAH Color Techs. LLC v. Xerox Corp.*, Case No. 1:17-cv-06813, Dkt. No. 60 (N.D. Ill. Sept. 24, 2018) (Order) (finding transfer to the Western District of New York appropriate but noting that "the balance of § 1404(a) factors does not produce an overwhelming favorite between the Northern District of California and the Western District of New York."). Accordingly, the accused infringers are all in agreement that the Northern District of California would be an ideal venue for their respective cases.

The coordination of the actions in California would also ensure the convenience of all parties, including those who are not based in that state. While California is particularly convenient for EFI and Adobe, both of whom are headquartered in that state, it is also relatively convenient for Xerox, Quad, and RAH. This is because California, and particularly San Francisco, is easily accessible from anywhere in the country. Accordingly, coordinating the cases in California would be ideal for this nationwide litigation given that the Northern District of California is an easily accessible district with more than adequate judicial resources and experience to resolve the complex issues in these actions. *See, e.g., In re Compression Labs, Inc., Patent Litig.*, 360 F.Supp.2d 1367, 1368-69 (J.P.M.L. 2005) ("In concluding that the Northern District of California is an appropriate forum for this docket, we note that the California district . . . is an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require."); *In re Viagra (Sildenafil Citrate) Products Liab. Litig.*, 176 F. Supp. 3d 1377, 1378 (J.P.M.L. 2016) ("We are persuaded that the Northern District of California is an appropriate transferee district for this litigation. This district, which has the unanimous support of all responding plaintiffs and the defendant, provides a

9

convenient and easily accessible location for this geographically dispersed litigation. Additionally, nine actions (including potential tag-alongs) are pending in this district."*); In re Roundup Products Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("We select the Northern District of California as the appropriate transferee district for this litigation. . . . The Northern District of California is both convenient and easily accessible for all parties, and we are convinced that the district has the necessary judicial resources and expertise to efficiently manage this litigation.")

## V. CONCLUSION

For the foregoing reasons, Quad respectfully requests that the Panel issue an Order transferring the four actions currently pending in multiple districts to the Northern District of California so that all four pending actions can be consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated:  October 1, 2018

Respectfully submitted,

<u>s/Jeffrey N. Costakos</u>
Jeffrey N. Costakos, WI Bar No. 1008225
Kevin J. Malaney, WI Bar No. 1066371
Matthew W. Peters, WI Bar No. 1104803
**Foley & Lardner LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone:  414.271.2400
Facsimile:  414.297.4900
E-mail: jcostakos@foley.com
E-mail: kmalaney@foley.com
E-mail: mpeters@foley.com

Andrew M. Gross (IL ARDC # 6299917)
**Foley & Lardner LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: 312.832.4532
Facsimile: 312.832.4700
E-mail: agross@foley.com

***Attorneys for Defendant Quad/Graphics, Inc.***