UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: RAH COLOR TECHNOLOGIES LLC
PATENT LITIGATION                                                              MDL No. 2874


### TRANSFER ORDER

**Before the Panel:** On October 1, 2018, accused infringer Quad/Graphics, Inc., filed a motion under 28 U.S.C. § 1407 to centralize this patent litigation in the Northern District of California or, alternatively, the Eastern District of Wisconsin. Originally, there were four actions on the motion, including one infringement action in the Eastern District of Wisconsin against Quad/Graphics. By the time of oral argument, the *Quad/Graphics* action was settled and dismissed. The issue of centralization remains a live issue among the parties to the three remaining actions, which are listed on Schedule A.

The patentholder, RAH Color Management Technologies LLC (RAH), supports centralization of these three actions in the Northern District of Illinois. Accused infringers Xerox Corporation and Electronics for Imaging, Inc. (EFI) support centralization in the Northern District of California.[1] Accused infringer Adobe Systems, Inc., initially supported centralization in the Northern District of California, but at oral argument, argued that centralization was not warranted given the dismissal of *Quad/Graphics* and, alternatively, requested the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that the actions on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve factual questions about the alleged infringement, validity, and enforceability of nine related patents owned by RAH in the field of color management technology, which is used in products such as print servers, printers, and color imaging software.[2] All of the patents have the same inventor, and seven of the nine patents are in the same patent family.

---

[1] After the close of the Panel briefing, the *EFI* action was transferred from the Northern District of California to the Eastern District of Virginia. The parties' positions on centralization remained the same after the transfer.

[2] In general terms, color management includes functions such as creating and editing color images on a computer, rendering precise colors on video displays, and facilitating printing in precise consistent colors. The nine patents-in-issue are: U.S. Patent Nos. 6,043,909; 6,995,870; 7,280,251; 7,312,897; 7,729,008; 7,791,761; 8,416,444; 8,537,357; and 8,760,704.

Additionally, there is significant overlap in the patents asserted in the actions,[3] as well as the accused products.[4] Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of California is an appropriate transferee district for this litigation. The headquarters of two of the three accused infringers are located in this district, indicating that significant evidence will be located there.[5] Common third-party discovery of certain members of an industry association also is anticipated in this district. Judge Susan Yvonne Illston is an experienced transferee judge with the ability and willingness to manage this litigation efficiently. We are confident she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Yvonne Illston for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[3] For example, the '008 and '897 patents are asserted in all actions, and the '444 patent is asserted in two actions.

[4] The *EFI* action in the Eastern District of Virginia seeks a declaratory judgment of noninfringement as to the EFI print servers at issue in the *Xerox* action in the Western District of New York. Additionally, Xerox asserts that the *Xerox* action involves Adobe software, which may overlap with the accused products in the *Adobe* action in the Northern District of California.

[5] RAH's objection to the Northern District of California based on lack of personal jurisdiction is no obstacle to transfer under Section 1407 for pretrial proceedings. The Panel has long held that "'[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue' and that '[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.'" *See In re: National Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1134, Transfer Order at 2 (J.P.M.L. Apr. 5, 2018) (quoting *In re: FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)).

**IN RE: RAH COLOR TECHNOLOGIES LLC**
**PATENT LITIGATION**                                                                       MDL No. 2874

## SCHEDULE A

<u>Northern District of California</u>

RAH COLOR TECHNOLOGIES LLC v. ADOBE SYSTEMS, INC.,
  C.A. No. 3:18-03277

<u>Western District of New York</u>

RAH COLOR TECHNOLOGIES LLC V. XEROX CORPORATION,
  C.A. NO. 6:18-06746

<u>Eastern District of Virginia</u>

ELECTRONICS FOR IMAGING, INC. V. RAH COLOR TECHNOLOGIES LLC,
  C.A. No. 18-01436